CHAS. A. KINKEAD, Appellant, v. R. M. PEET, Appellee.

**Conditional conveyances:** MORTGAGES: EVIDENCE. Whenever there is a doubt as to whether a transaction amounts to a conditional sale, or to a mortgage, a court of equity will resolve the doubt in favor of the grantor. Evidence held to establish a mortgage.

**Same.** Where the mortgagee takes a conveyance of the mortgaged property, the question of whether the grantor's debts are extinguished by the conveyance is to be determined from the facts and circumstances surrounding the transaction; and parol evidence is admissible to show its true nature. Evidence held that the transaction was intended as a mortgage.

*Appeal from Linn District Court.*— HON. J. H. PRESTON, Judge.

MONDAY, JANUARY 20, 1908.

REHEARING DENIED, TUESDAY, MARCH 17, 1908.

SUIT in equity to have certain conveyances declared mortgages, for an accounting, and a decree permitting plaintiff to redeem his property. Trial to the court, decree dismissing plaintiff's petition, and he appeals.— *Reversed* and *remanded*.

*Crosby & Fordyce* and *Rickel, Crocker & Tourtellot,* for appellant.

*Jamison & Smyth,* for appellee.

DEEMER, J.— Prior to November of the year 1904 plaintiff was the owner of two hundred and seventy-six acres of land in Linn county, Iowa, and of a large amount of live stock and other personal property. There were mortgages upon the land amounting to something like $19,000, and upon the personal property amounting to about $1,600. An attachment had also been levied upon all of defendant's property in an action brought by his wife for. a divorce.   Plaintiff was being pressed upon all sides for the payment of his debts, and his affairs were such as to seem almost hopeless.   Defendant was the owner of most of the incumbrances upon plaintiff's property, and was pressing plaintiff for payment of the amounts secured thereby.   On November 9, 1904, defendant sent for plaintiff and induced him (plaintiff) to execute a lease for the farm at the agreed rental of $1,000 per year, which amount was to be used in paying taxes upon the property and interest upon the indebtedness.   On November 18th the parties met again with their attorneys, and, after fully canvassing the situation, plaintiff was induced to deed his farm and convey all his personal property to defendant, receiving back a contract for repurchase or of defeasance providing for a reconveyance to plaintiff of the premises, provided the indebtedness due defendant was paid on or before March 1, 1905.   For various reasons plaintiff did not pay the indebtedness, but some time later in the year brought this action to have the conveyances to defendant declared to be mortgages, and for a decree giving him the right of redemption.   The deed from plaintiff and wife to defendant recites a consideration of "one dollar and other valuable consideration," but excepts from the covenant of warranty the mortgages then upon the land, which were held by defendant, the grantee in the deed.   The bill of sale contains the following:   "In consideration of R. M. Peet selling and disposing of all personal property hereinafter described, and applying the same upon the indebtedness of Charles H. Kinkead, we hereby bargain, sell, and convey unto R. M. Peet, of Jones county, Iowa, the

following described property, situated in Linn county, Iowa, to wit: The said R. M. Peet is to sell all of said property at public or private sale, whichever the most money can be realized therefrom, and to apply the proceeds of all of said property upon the indebtedness to said R. M. Peet against the said Charles H. Kinkead."

The agreement for reconveyance is so important and significant that we hereby copy the same in full:

Whereas C. H. Kinkead and his wife Ellen Kinkead, have this day conveyed to R. M. Peet of Jones County, Iowa, the following described real estate in Linn County, Iowa, to-wit: All of the S. E. ½, and lots 1, 4, 5, 6, 7, and 8 of irregular survey of a part of the N. ½ of Sec. 11, all in Twp. 84 Range 6 west of the 5th P. M. more particularly described as follows: Beginning at the N. E. Cor. of Sec. 11, running thence fifty-two rods, thence south one hundred and twenty rods, thence west twenty-eight rods, thence north twelve rods, thence west eighty-eight rods, thence south eighty rods, thence east two hundred and eight rods, and thence north one hundred and twenty rods to beginning, containing two hundred and seventy-six acres more or less. And whereas said conveyance was made to said R. M. Peet to pay and satisfy an indebtedness of C. H. Kinkead to R. M. Peet and to save the cost of foreclosure. Now therefore, the said R. M. Peet agrees with the said C. H. Kinkead to give said Kinkead the exclusive right to sell said premises above stated upon the payment to said Peet of the indebtedness due and to become due held by the said Peet in case said sale is made before the first day of March, 1905, and the indebtedness of Kinkead to Peet paid and satisfied, then the said Peet is to convey said premises to said Kinkead or whomsoever he may direct. In case no sale of said premises is made by said Kinkead and payment made as above stated before March 1, 1905, then this contract shall terminate and end and become null and void. Signed this 18th day of November, 1904. R. M. Peet.

It will be observed that the principal question in the case is, do these transactions, viewed in the light of the surrounding circumstances, amount to a conditional sale or contract

for repurchase, or to a mortgage? · The trial court found

**1. CONDITIONAL CONVEYANCES: mortgages: evidence.** that they did not amount to a mortgage, and dismissed plaintiff's petition. The rules for the settlement of the main question at issue are well settled, and need no extended elaboration. As applied to the facts before us they will be found in *Bigler v. Jack,* 114 Iowa, 667. In the light of these rules we think the transactions in this case should be held to be mortgages, and not conditional sales or contracts of repurchase. Whenever there is doubt regarding the character of such transactions, a court of equity will resolve that doubt in favor of the grantor, and hold the instrument to be a mortgage.

Even upon the face of the papers themselves, we should be inclined to hold that a mortgage was created, for the reason that the debts were still regarded as subsisting, and plaintiff

**2. SAME.** was to pay this indebtedness and not some other or fixed amount in order to secure a reconveyance of the property to him. Whether or not the grantor's debts are extinguished by the conveyance is a strong, if not controlling, feature in such cases. If not extinguished, the conveyance is of necessity regarded as security rather than an absolute transfer of title, for it would be a manifest fraud for a creditor to hold both the property of, and his claims against, the debtor. Whatever of doubt there may be upon this proposition disappears when the documents before us are viewed in the light of the extrinsic evidence. Defendant admitted that he held the deed and bill of sale as security, that he never canceled the evidences of indebtedness he held against the plaintiff, and that the only interest he had in the matter was to secure the amount he had in it. He also stated to others that he held plaintiff's property as security. Defendant never examined the property with a view to its purchase, and he undoubtedly held the personal property either. as a trustee or mortgagee for security of the indebtedness, which, if the conveyance be held to be absolute, was extinguished by the deed. We shall not set out other testimony

upon which our conclusion is based. Suffice it to say that it points with unerring certainty to the conclusion that the conveyance was intended as security, and not as an absolute transfer with an agreement to reconvey. The trial court was in error in arriving at a contrary conclusion. There is no merit in defendant's contention that parol evidence is inadmissible to show the true nature of the transaction. Although in writing, parol evidence was undoubtedly proper to show the true nature of the transaction. This conclusion calls for a reversal of the decree, and an accounting between the parties. On account of the condition of the record, this accounting cannot well be made in this court. The case will be remanded to the district court for such an accounting, and for further proceedings not inconsistent with this opinion.— *Reversed* and *remanded.*